1  Theodore S. Maceiko (State Bar No. 150211)
   ted@maceikoip.com
2  MACEIKO IP
   3770 Highland Avenue, Suite 207
3  Manhattan Beach, CA  90266
   Telephone:   (310) 545-3311
4  Facsimile:    (310) 545-3344

5  Brent Sokol (State Bar No. 167537)
   bdsokol@jonesday.com
6  JONES DAY
   555 South Flower Street, Fiftieth Floor
7  Los Angeles, CA  90071-2300
   Telephone:   (213) 489-3939
8  Facsimile:    (213) 243-2539

9  Attorneys for Plaintiff
   MAD DOGG ATHLETICS, INC.
10
   David M. Bass (State Bar No. 117199)
11 dbass@basslawla.com
   DAVID M. BASS & ASSOCIATES, INC.
12 1900 Avenue of the Stars, Suite 200
   Los Angeles, CA 90067
13 Telephone:  310-789-1152
   Facsimile:   310-789-1149
14
   Attorneys for Defendants
15 KEVIN LAMAR, LAMAR HEALTH &
   FITNESS CONSULTING, LLC and WORLD
16 TRIATHALON CORPORATION

Previously

**JS-6**

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAD DOGG ATHLETICS, INC., a California corporation,<br><br>        Plaintiff,<br><br>    v.<br><br>KEVIN LAMAR, LAMAR HEALTH & FITNESS CONSULTING LLC, ALAN COCKRILL, WORLD TRIATHALON CORPORATION d/b/a IRONMAN FITNESS, CIXI E-TE FITNESS EQUIPMENT CO., LTD., COSTCO WHOLESALE CORPORATION, and DOES 1-10,<br><br>        Defendants. | CASE NO. CV 11-0599 JFW (CWX)<br><br>Assigned for all Purposes to John F. Walter<br><br>**CONSENT JUDGMENT AND PERMANENT INJUNCTION** |

LAI-3126645v1

WHEREAS plaintiff Mad Dogg Athletics, Inc. ("Mad Dogg") and defendants, Kevin Lamar, Lamar Health & Fitness Consulting LLC and Albert Cockrill (collectively "Defendants") have agreed in a separate agreement to settlement of the matter in issue between them and to entry of this judgment, it is ORDERED, ADJUDGED AND DECREED THAT:

1. Mad Dogg alleged claims including claims for Patent Infringement and Copyright Infringement.

2. The Court has jurisdiction over each of the plaintiff Mad Dogg and the Defendants in this action, by consent or otherwise and over the subject matter in issue based on 28 U.S.C. §§ 1331, 1338(a) and (b), 1367(a) and 15 U.S.C. § 1121(a). The Court further has continuing jurisdiction to enforce the terms and provisions of the Consent Judgment and Permanent Injunction. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391(b) and (c) and 1400(a) and (b).

3. Mad Dogg is a corporation incorporated under the laws of the State of California, and has its principal place of business at 2111 Narcissus Court, Venice, California 90291.

4. Defendant Kevin Lamar ("Lamar") is an individual residing at 2063 Pintail Drive, Longmont, Colorado 80504.

5. Defendant Lamar Health & Fitness Consulting LLC ("LHF") is a Colorado limited liability company having a principal place of business at 2063 Pintail Drive, Longmont, CO 80504.

6. Defendant Albert Cockrill is an individual residing at 1101 Oak Meadow Blvd., Jonesboro, Arkansas, 72401.

7. Defendants have imported, made, used, sold, offered for sale or distributed Ironman IC Summit bikes.

8. Mad Dogg has obtained and is the owner of U.S. Patent Nos. 6,881,178 and 7,455,627 which are valid and enforceable throughout the United

1 | States for their remaining term.  A copy of those patents are attached hereto as
2 | <u>Exhibits 1-2</u>.

3 |     9. Mad Dogg also owns the copyright for the works set forth in U.S. Copyright Registration Application Serial Nos. 1-532073831 and 1-537192571.  A copy of those applications are attached hereto as <u>Exhibits 3-4</u>.

    10. The manufacture, use, sale, offer for sale or importation of the Ironman IC Summit Bike constitutes infringement of U.S. Patent Nos. 6,881,178 and 7,455,627.

    11. The owner manual and video distributed with the Ironman IC Summit bikes are substantially similar to the works set forth in U.S. Copyright Registration Application Serial Nos. 1-532073831 and 1-537192571, and Defendants' copying or other distribution of the Ironman IC Summit owner manual and video constitutes infringement of these copyrights.

    12. Defendants, their agents, officers, servants, employees, and attorneys, and all persons in active consent and participation with them who receive actual notice of this Order by personal service or otherwise, are hereby permanently enjoined from engaging in any of the following activities:

        (a) from infringing, either directly or contributorily and from inducing others to infringe any of Mad Dogg's U.S. Patent Nos. 6,881,178 and 7,455,627; and

        (b) from directly or indirectly infringing Mad Dogg's copyrights in the manual and video that are the subject of U.S. Copyright Registration Application Serial Nos. 1-532073831 and 1-537192571 by using any reproduction, copy or colorable imitation or designation substantially similar thereto, and from inducing others to infringe.

    13. Service by mail upon Defendants, addressed to David M. Bass, David M. Bass & Associates, Inc., 1900 Avenue of the Stars, Suite 200, Los Angeles, California 90067, of a copy of this Consent Judgment and Permanent Injunction

entered by the Court is deemed sufficient notice to Defendants under Rule 65(d) of the Federal Rules of Civil Procedure. It shall not be necessary for Defendants to sign any form of acknowledgment of service.

14. The parties shall bear their own attorneys' fees and costs.

15. All remaining causes of action against Defendants are hereby dismissed with prejudice.

IT IS SO ORDERED.

Dated: __6/21/11

_____
United States District Judge

Approved as to form and content:

MACEIKO IP
JONES DAY

By: _____
    Theodore S. Maceiko

Attorneys for Plaintiff
MAD DOGG ATHLETICS, INC.

Dated: _____, 2011

FAEGRE & BENSON, LLP

By: _____
    Darrell M. Daley

Attorneys for Defendants
KEVIN LAMAR, LAMAR HEALTH & FITNESS CONSULTING, LLC and ALBERT COCKRILL

Dated: _____, 2011

LAI-3126645v1

- 4 -